IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 2003 Session

## SHIRLEY JEAN KLEIN v. DAVID FRANCIS KLEIN

**Appeal from the Circuit Court for Greene County**
**No. 01-CV-175     Ben K. Wexler, Judge**

FILED APRIL 14, 2003

No. E2002-00867-COA-R3-CV

In this divorce proceeding the wife, Shirley Jean Klein, appeals the judgment of the Trial Court which held that Ms. Klein was not entitled to alimony.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Jerrold L. Becker, Knoxville, Tennessee, for the Appellant, Shirley Jean Klein

Kenneth N. Bailey, Greeneville, Tennessee, for the Appellee, David Francis Klein

**MEMORANDUM OPINION**

        This is a marriage of over 50 years, during which the parties accumulated as marital property over one and one-half million dollars.  This was divided by the Court in accordance with the marital dissolution agreement, resulting in assets of approximately $792,000 going to the wife and $746,000 to the husband.

        As this is a non-jury case, our review is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Tenn.R.App.P. 13(d).  We must honor that presumption unless we find that the evidence preponderates against the trial court's factual findings.  Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993).  The trial court's conclusions of law, however, are not accorded the same deference.  Campbell v. Florida Steel Corp., 919 S.W.2d 26, 35 (Tenn. 1996).

While an assault is made by Ms. Klein upon the validity of the marital dissolution agreement, which made no reference to alimony, it appears the Trial Court, while holding the agreement was valid, did make an independent determination relative to alimony:

> The parties in this divorce have a home and some real estate, along with a considerable amount of cash assets. This case was mediated, but each time the case comes to court the wife claims the mediation was unfair to her as the husband got more actual cash being paid to him than is being paid to the wife. The court has held that the wife agreed to the mediation, at the time and the court feels the mediation was fair to the parties. The parties withheld seven cash assets that they did not tell the mediator about and the court divided these seven assets 50% to each party. Although the mediation has been settled and the seven cash assets have been settled, the wife continues to bring up the mediation as being unfair.

> It appears that the cash flow to the husband is about $3,600.00 per month, and the cash flow to the wife is about $1,716.00 per month, but the real differences in the cash flow between the spouses is that the husband is in fact drawing more actual cash from his annuities and the wife is not drawing any payment from her annuities, his annuities are decreasing and her annuities have been increasing although her interest rate is not quite as much as his interest rate.

> The court is of the opinion the parties are now receiving about equal amount of cash flow per month from the marital nest egg owned by the parties and the wife is not entitled to any alimony payments as her annuities are increasing and his annuities are decreasing.

> Another issue in this case is who is entitled to the divorce, the divorce evidence against the husband is at best very weak, and the divorce evidence against the wife is even weaker than the evidence against the husband. The court is of the opinion that the parties be declared divorced pursuant to T.C.A. Section 36-4-129.

> The court is of the opinion that the marital property of the parties be divided according to the mediation, and the seven cash items that the parties did not mention to the mediator be divided equally between the parties.

Ms. Klein received approximately $46,000 more in assets that Mr. Klein. While it is true Mr. Klein's monthly income stream is, as found by the Trial Court, $3600, compared to his wife's $1700, this was because of his withdrawing certain funds from his 401k, which would be exhausted in three years, as well as withdrawing certain income from annuities which Ms. Klein could have, but declined to do.

Our reading of the record, including the memorandum opinion of the Trial Judge and the briefs of the parties, convinces us that the evidence does not preponderate against the Trial Court's findings of fact and his application of law to the facts found. We conclude that this is an appropriate case for affirmance under Rule 10 of this Court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Ms. Klein.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE